UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RODNEY KEITH JAMES,

                              Plaintiff,

        v.                                                 9:13-CV-0526
                                                                 (DNH/CFH)

JAMES MORGAN, Treatment Team Leader, Marcy Psy.
Center Facility; DR. RICHARD KASKIW, Medical
Specialist, Marcy Psy. Center Facility; and CANDICE
WILBER, Nurse Practitioner, Marcy Psy. Center Facility,

                              Defendants.

APPEARANCES:

RODNEY KEITH JAMES
C-46388
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, NY 13403

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Plaintiff Rodney Keith James commenced this action by filing a pro se complaint, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). By Decision and Order filed August 1, 2013, plaintiff's IFP application was granted, but following review of the complaint in accordance with 28 U.S.C. § 1915(e), it was found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 4 (the "August Order"). In light of his pro se status, plaintiff

was afforded an opportunity to submit an amended complaint. Plaintiff has submitted an amended complaint. Dkt. No. 5 ("Am. Compl.").

## II. DISCUSSION

### A. The Complaint

In the complaint, plaintiff alleged claims relating to his confinement at the Central New York Psychiatric Center ("CNYPC"). *See generally* Compl. Construed liberally, the complaint alleged that (1) plaintiff was improperly placed on "bathroom restriction;" (2) plaintiff was denied adequate medical care; (3) defendants verbally threatened and harassed plaintiff; and (4) defendant Morgan discriminated against plaintiff on the basis of his religion. *See generally* Compl.

After reviewing the complaint, it was determined that (1) plaintiff failed to state a claim with respect to his alleged improper placement on "bathroom restriction"; (2) plaintiff had failed to allege facts plausibly suggesting that any of the defendants were personally responsible for actually denying plaintiff medical care for a serious medical need; (3) plaintiff's allegations of verbal threats and harassment failed to state a claim upon which relief may be granted; and (4) plaintiff failed to state a plausible Equal Protection claim under the Fourteenth Amendment against defendant Morgan. August Order at 6-9. Therefore, plaintiff's claims were dismissed without prejudice, but in light of his pro se status, plaintiff was granted an opportunity to amend his complaint. *Id.* at 9-11.

### B. Review of the Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915(e) was discussed at length in the August Order and it will not be restated in this Decision and Order. *See* August Order at 2-3.

In addition to the defendants included in the original complaint—namely James Morgan, a treatment team leader; Richard Kaskiw, M.D.; and Candice Wilbur, a nurse practitioner—plaintiff now adds Ms. Elizabeth Farnum, a psychiatrist, as a defendant. Am. Compl. at 1. Since plaintiff is proceeding pro se, the amended complaint has now been thoroughly reviewed and the allegations read liberally in the light most favorable to him. Construed in this light, the amended complaint asserts the following claims: (1) a Fourteenth Amendment medical deliberate indifference claim against all defendants; (2) a claim that defendant Morgan improperly placed plaintiff on "bathroom restriction;" (3) a First Amendment retaliation claim; and (4) a Fourteenth Amendment claim that plaintiff was denied Equal Protection "based upon [his] age, gender, race, religion, sexual orientation, and [his] physical appearance." *Id*. at 1-3. For a complete statement of plaintiff's claims, reference is made to the entire amended complaint.

### 1. Fourteenth Amendment Deliberate Medical Indifference Claim

Individuals involuntarily committed to state custody have constitutionally-protected liberty interests in adequate food, shelter, clothing, medical care, and conditions of reasonable care and safety. *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). The rights of patients who are involuntarily committed have been likened to the rights of detainees awaiting trial. *See Serna v. Goodno*, 567 F.3d 944, 948 (8th Cir. 2009) (an involuntarily committed person's Constitutional claim "should be evaluated under the . . . standard usually applied to . . . claims brought by pretrial detainees"); *Buthy v. Comm'r of Office of Mental Health of N.Y.*, 818 F.2d 1046, 1051 (2d Cir. 1987) (applying the levels of protection afforded pre-trial detainees under the Due Process Clause to persons confined due to an acquittal by reason of insanity or their incompetence to stand trial).

3

Because plaintiff was civilly committed at the time of the incident, his medical care claims are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *See Groves v. New York*, No. 9:09-CV-0412 (GLS/DEP), 2010 WL 1257858, at *6 (N.D.N.Y. Mar. 1, 2010). Despite this distinction, the same standard applies to Fourteenth Amendment medical care claims involving non-prisoners as to Eighth Amendment medical claims regarding prisoners. *See Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.").[1]

There are two elements to a claim that officials violated a plaintiff's right to receive adequate medical care: "the plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference." *Id.* (citation and punctuation omitted). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).[2]

### a. Defendant Morgan

Plaintiff alleges that defendant Morgan, a treatment team leader, was present when

---

[1] Accordingly, in reviewing the sufficiency of plaintiff's amended complaint, the medical care claims will be analyzed using the Eighth Amendment deliberate indifference standard.

[2] "An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

4

defendant Farnum, a psychiatrist, told plaintiff that he would "only see the doctor every three months only if [he was] really laying down bleeding to death." Am. Compl. at 2. Plaintiff claims that defendant Morgan "agreed." *Id*. Even assuming that defendant Morgan had any authority over plaintiff's medical care, plaintiff has failed to allege facts to plausibly suggest that defendant Morgan was deliberately indifferent to plaintiff's serious medical needs.

Plaintiff's claim that defendant Morgan denied him adequate medical care in violation of the Fourteenth Amendment will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### b. Defendants Farnum, Kaskiw, and Wilber

Construed liberally, plaintiff alleges that defendants Farnum, Kaskiw, and Wilber were deliberately indifferent to plaintiff's serious medical conditions, and as a result he is "still having pains, swelling, of [his] bladder, stomach, hemorrhoids, the urethra," his urinary tract is infected with bacteria, and he has painful kidney stones. Am. Compl. at 2. Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), it is found that, at this early stage of the proceedings, defendants Farnum, Kaskiw, and Wilbur should respond to plaintiff's Fourteenth Amendment medical care claims against them. In so ruling, no opinion is expressed as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

### 2. Bathroom Restriction Claim

Plaintiff claims that he is the only resident that is required to use the bathroom alone, and because the rest of the residents have to wait for him to be done, when he leaves the bathroom, the other residents "start verbal[ly] arguing with [him] about the restroom." Am.

5

Compl. at 2-3. These allegations fail to state a claim of constitutional dimension.

Thus, plaintiff's claim that he was improperly placed on bathroom restriction will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### 3. Retaliation Claim

Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To state a plausible claim, a plaintiff asserting a First Amendment retaliation claim must advance "non-conclusory" allegations establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Davis*, 320 F.3d at 352 (quoting *Dawes*, 239 F.3d at 492). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

Plaintiff alleges that "this facility found out that [plaintiff] had made a complaint and now the staff is not letting [him] advance in [his] group" while in line for the bathroom. Am. Compl. at 2-3. Although plaintiff has alleged sufficient facts to plausibly suggest that he meets the first prong of the retaliation test, *see Baskerville v. Blot*, 224 F. Supp. 2d 723, 731 (S.D.N.Y. 2002) (holding that the filing of a lawsuit is a constitutionally protected activity),

6

plaintiff fails to state a plausible retaliation claim for several reasons. First, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under section 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Here, plaintiff does not allege that the defendants were personally involved in this alleged wrongdoing, he only alleges that "staff" would not let him "advance" in line. Am. Compl. at 3. Second, even if plaintiff could allege the personal involvement of any defendant, plaintiff's allegations of retaliation are wholly conclusory. *See Flaherty*, 713 F.2d at 13 ("[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone"). Third, having to wait in line to use the bathroom, without more, does not constitute adverse action.

Accordingly, plaintiff's First Amendment retaliation claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### 4. Equal Protection Claim

The Equal Protection Clause requires that the government treat all similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (*quoting LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). In the alternative,

7

under a "class of one" theory, plaintiff must allege that he has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

Here, plaintiff alleges that he was "judge[d] based upon [his] age, gender, race, religion, sexual orientation, and [his] physical appearance." Am. Compl. at 3. Construed liberally, plaintiff may be attempting to allege that he was denied equal protection in violation of the Fourteenth Amendment. However, plaintiff's conclusory allegations in this regard fail to plausibly suggest such a claim.

Therefore, plaintiff's Fourteenth Amendment Equal Protection claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### III.    CONCLUSION

Therefore, it is

ORDERED that

1. The Clerk is directed to add Ms. Elizabeth Farnum, Psychiatrist, Marcy Psy. Center Facility, as a defendant to this action;

2. The Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Farnum, Kaskiw, and Wilber with respect to plaintiff's Fourteenth Amendment medical indifference claims against them. The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order;

3. A response to plaintiff's amended complaint be filed by defendants Farnum, Kaskiw, and Wilber, or their counsel, with respect to plaintiff's Fourteenth Amendment medical deliberate indifference claims against them, as provided for in the Federal Rules of Civil Procedure after service of process on the defendants;

4. All of plaintiff's remaining claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted;

5. Defendant Morgan is **DISMISSED without prejudice**;

6. All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify, in writing,  the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and

7. The Clerk serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 4, 2014
       Utica, New York.