UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RODNEY KEITH JAMES,

                        Plaintiff,

v.                                      No. 13-CV-526
                                          (DNH/CFH)

DR. RICHARD KASKIW, Medical
Specialist, Marcy Psy. Center Facility,
CANDICE WILBER, Nurse Practitioner,
Marcy Psy. Center Facility, MS.
ELIZABETH FARNUM, Psychiatrist,
Marcy Psy. Center Facility,

                        Defendants,[1]

---

**APPEARANCES:**                              **OF COUNSEL:**

RODNEY KEITH JAMES
Plaintiff Pro Se
C-46388
CNY PC
Post Office Box 300
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN              TIMOTHY P. MULVEY, ESQ.
Attorney General for the                        Assistant Attorney General
   State of New York
Attorney for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455

**CHRISTIAN F HUMMEL
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Rodney Keith James ("James"), brings this action pursuant to 42 U.S.C.

---

[1] By memorandum-decision and order dated March 4, 2014, defendant James Morgan was dismissed from this action. Dkt. No. 6.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

§ 1983 alleging that Dr. Richard Kaskiw, Nurse Candice Wilber, and Psychiatrist Elizabeth Farnum ("defendants") violated his constitutional rights under the Fourteenth Amendment. See Am. Compl. (Dkt. No. 5) ¶ 1, 3. Presently pending before this Court is defendants' motion to dismiss for failure to state a claim for which relief can be granted, brought pursuant to Fed. R. Civ. P. 12(b)(6). Defs.' Mot. (Dkt. No. 12-1) at 5. For the following reasons, it is recommended that defendants' motion be denied.

## I. Background[3]

The facts are related herein in the light most favorable to James, the non-moving party. See subsection II(A)(1) infra. At all relevant times, James is a civil detainee at Central New York Psychiatric Center ("CNYPC"). Defs.' Mot. at 2.

On October 2, 2011, former defendant and treatment team leader Morgan placed James on bathroom restriction.[4] Am. Compl. ¶ 1. This measure was enacted on suspicion that James had engaged in sexual conduct with another patient. Id. As a result of this, defendants indicated to James that he "would never receive any medical assistance in [CNYPC]." Compl. ¶ 4. Defendant Farnum specifically told James, "[you] will only see the doctor every three months [and] only if [you are] really laying down on the ground bleeding to death." Am Compl. ¶ 3. James was further threatened by defendants with the loss of his

---

[3] In the interest of affording James the legally required special solicitude, this recitation of facts includes factual allegations pertaining to James's claim of deliberate medical indifference from his original, non-amended complaint where necessary. See subsection II(A)(2) infra.

[4] Bathroom restriction appears to be a measure where an individual patient at CNYPC is no longer permitted to use a bathroom in the company of other individuals. See Am. Compl. ¶ 1, 4.

2

job, as well as other unspecified consequences, if he filled out a request form to see a doctor. Compl. ¶ 5.

James alleges that he requires medical treatment for pain and swelling of his bladder as a result of frequent and recurring urinary tract infections. See Am. Compl. ¶ 3; Compl. ¶ 12. James states that his urinary tract infections are caused by recurring kidney stones, which also subject him a great deal of pain and swelling. Compl. ¶ 12. The infections cause cloudy and strong-smelling urine. Id. ¶ 11. James also indicates he feels pains from his stomach, pancreas, and liver, as well as suffers from frequent shivering and muscle aches. Id. ¶ 12. According to James, his "symptoms are very painful [and his symptoms] usually can be treated successfully." Am. Compl. ¶ 3. Despite the success of past treatments, the only medical assistance James received was over-the-counter medication to treat diarrhea. See id.

## II. Discussion

Viewing the facts in the light most favorable to the plaintiff, James contends that his Fourteenth Amendment rights were violated when defendants acted with deliberate medical indifference towards him. See Am. Compl. ¶¶ 1, 3. Defendants argue that, even affording special solicitude to James, James has failed to state a claim for which relief can be granted and, as such, their motion to dismiss should be granted. Defs.' Mot. at 5.

### A. Legal Standard

Two legal concepts shape the framework for analysis in the matter before this Court: the standard for a motion to dismiss and the doctrine of special solicitude. Acting pursuant

3

to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The doctrine of special solicitude, while taking many forms as the need arises, "most often consists of liberal construction of pleadings, motion papers, and appellate briefs." Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (citations omitted).

When considering a motion to dismiss, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009). This notion, however, is "inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

As such, a plaintiff must state a claim for relief that is "plausible on its face" in order to survive a motion to dismiss. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (indicating that the test for plausibility "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted). Determining if plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 680.

When, as here, a party moves for summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

4

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest." At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants, and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law."

Id. (citations, punctuation, and footnote omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that the allegations of pro se plaintiffs are to be held to "less stringent standards than formal pleadings drafted by lawyers."); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

### B. Fourteenth Amendment

The rights of an involuntarily committed individual "should be evaluated under the . . . standard usually applied to . . . claims brought by pretrial detainees." Serna v. Goodno, 567 F.3d 944, 948 (8th Cir. 2009) (internal quotation marks and citation omitted); see also Buthy v. Comm'r of Office of Mental Health of N.Y., 818 F.2d 1046, 1051 (2d Cir. 1987) (applying the levels of protection afforded pretrial detainees under the due process clause to persons confined due to an acquittal by reason of insanity or to their incompetence to stand trial). As James was civilly committed during the relevant time period, his medical indifference claims are more appropriately brought under the Fourteenth Amendment due process

5

clause rather than the Eighth Amendment.  Groves v. New York, No. 09-CV-0412 (GLS/DEP), 2010 WL 1257858, at *6 (N.D.N.Y. Mar. 1, 2010) ("the Eighth Amendment . . . prohibits cruel and unusual punishment of those convicted of crimes") (citing Youngberg v. Romeo, 457 U.S. 307, 312 (1982)).[5]  Despite this distinction, "[c]laims for deliberate indifference to a serious medical condition . . . of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment."  See Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).

To establish a claim that a defendant has violated a plaintiff's right to receive adequate medical care, a plaintiff must show that:  (1) the plaintiff had a "serious medical condition;" and, (2) that it was met with "deliberate indifference."  Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000).[6]

### 1. Serious Medical Condition

There exists no bright-line test to determine the seriousness of a plaintiff's medical condition.  See Stevens v. Goord, 535 F. Supp. 2d 373, 383 (S.D.N.Y. 2008).  Courts should consider the following three factors in making such a determination:  "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily

---

[5] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

[6] As Fourteenth Amendment deliberate medical indifference cases brought by plaintiffs who are involuntarily committed are analyzed under the same test and framework as Eighth Amendment deliberate medical indifference cases with inmate plaintiffs, many of the cases cited in this section are determined in an Eighth Amendment context.  See subsection II(B) supra.

activities, and (3) 'the existence of chronic and substantial pain.'" Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) (quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)). As any analysis of a serious medical condition is inherently fact-based, "the serious medical need inquiry must be tailored to the specific circumstances of each case." Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003).

In this case, when viewing the facts in the light most favorable to James, it is apparent that James was suffering from a serious medical condition. Based upon the allegations, it is clear that a reasonable doctor or patient would find frequent urinary tract infections and kidney stones to be "important and worthy of comment or treatment," even aside from James's other symptoms. See Brock, 315 F.3d at 162; Compl. ¶ 12. At a minimum, it is exceedingly unlikely that a "reasonable patient" would find cloudy urine to be not "worthy of comment." See Brock, 315 F.3d at 162; Compl. ¶ 11. James indicated that his medical conditions caused him pain, which affected his daily activities, including activities as basic as urination. See Compl. ¶ 11. Accordingly, James's condition can be plausibly said to significantly affect his daily activities. See Brock, 315 F.3d at 162. Lastly, James discusses that his infections and kidney stones cause him substantial pain and are recurring and have been for approximately twenty-five years; thus causing him to feel "the existence of chronic and substantial pain." See id.; Compl. ¶ 12.

In addition to the aforementioned Brock analysis, courts have held that kidney stones do constitute a serious medical condition. See, e.g., Brown v. Ionescu, No. 02 CIV. 1218 (LMM), 2004 WL 2101962, at *3–4 (S.D.N.Y. Sept. 21, 2004) (accepting kidney stones, if left untreated, may constitute a serious medical condition for the purposes of an Eighth Amendment deliberate medical indifference claim); Espinal v. Goord, No. 00 Civ. 2242

(AJP), 2001 WL 476070, at *14 (S.D.N.Y. May 7, 2001) (finding that kidney stones constitute a serious medical condition). Accordingly, James has successfully alleged that he suffered from a serious health condition by way of his kidney stones and urinary tract infections.

### 2. Deliberate Indifference

"An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to [the plaintiff's] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Chance, 143 F.3d at 702 (quoting Farmer v. Brennan, 511 U.S. 825, 837(1994)). For liability to attach, officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Put most simply, "the deliberate indifference standard requires the plaintiff to prove that the prison official knew of and disregarded the plaintiff's serious medical needs." Chance, 143 F.3d at 703.

Viewing the facts in the light most favorable to James, James has alleged that the defendants acted with deliberate indifference toward his serious medical condition. James indicates that all of defendants' conduct satisfies the Chance test. 143 F.3d at 703. To be liable for deliberate indifference a defendant must "[(1)] know[] of and [(2)] disregard[] an excessive risk to [the plaintiff's] health and safety." Id. Though inartfully alleged, James indicates that the defendants failed to display any empathy towards his suffering. Am. Compl. ¶ 3. While irrelevant on its own, the inference can be reasonably drawn that for the defendants to lack empathy over a medical condition, they could be aware of the existence

of said medical condition. Thus, this lack of empathy indicates the defendants were aware that James was suffering from kidney and urinary tract issues, meeting the first half of the Chance test. See 143 F.3d at 703. By advising James he would never receive medical attention, the defendants were disregarding James's health and safety, satisfying the second half of Chance. See id.; Compl. ¶ 4. Similarly, the defendants, by way of an outright denial of medical attention, were "intentionally denying . . . access to medical care." See Estelle, 429 U.S. at 104; Compl. ¶ 4 ("[Defendants] told me that I would never receive any medical assistance . . . ."); Am. Compl. ¶ 3. It is thus plausible that defendants had acted with deliberate indifference toward James's serious medical condition.[7] Iqbal, 556 U.S. at 678.

When viewing the facts in the light most favorable to James and granting James the required special solicitude, it is apparent that James has alleged a Fourteenth Amendment deliberate medical indifference claim that is "plausible on its face." Iqbal, 556 U.S. at 678. As alleged, James had a serious medical condition, suffering from kidney stones and urinary tract infections, and the defendants acted with deliberate indifference towards said condition by refusing James medical attention. Accordingly, James has adequately stated a Fourteenth Amendment medical indifference claim against defendants.

---

[7] It is noted that, at some unspecified time, defendant Wilber provided James with medication for diarrhea. Am. Compl. ¶ 3. As diarrhea is not a serious medical condition for the purposes of this analysis, any treatment James received for it is irrelevant. See, e.g., Stokes v. Goord, No. 03-CV-1402, 2007 WL 995624, at *3 (N.D.N.Y. Mar. 30, 2007) (holding chest and lower back pain, constipation, lack of energy, diarrhea, staph infections, blurry vision, and painful lumps on the arms were not sufficiently serious to establish the objective prong of the Eighth Amendment analysis) (collecting cases). Maurice v. N.Y.C. Dep't. of Corr., No. 93 Civ. 6008(JFK), 1997 WL 431078, at *3 (S.D.N.Y. July 30, 1997) (finding stomach cramps and diarrhea treated with tea-drinking did not describe a condition of urgency capable of producing death, degeneration, or extreme pain).

### III. Conclusion

For the aforementioned reasons, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 12) be **DENIED** in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 9, 2014
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge